UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERTO CARLOS RODRIGUEZ PASCACIO,

Petitioner,

v. Case No.: 2:26-cv-02345-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER,

Respondent.

______________________________/

**OPINION AND ORDER**

Before the Court is Roberto Carlos Rodriguez Pascacio's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). Rodriguez Pascacio challenges an immigration judge's decision to deny him release on bond.

Rodriguez Pascacio's petition has two fatal problems. First, the petition is signed by his fiancé and does not state facts to establish "next friend" standing. "Application for a writ of habeas corpus shall be in writing *signed and verified* by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of that provision codifies the common law tradition of permitting a next friend to litigate on behalf of a detained person who is unable to seek relief himself, "usually because of mental incompetence or inaccessibility." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).

But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* 1t 163. The next friend must (1) adequately explain why the detainee cannot appear on his own behalf to prosecute the action and (2) be truly dedicated to the best interests of the detainee. *Id.* "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164. Here, the purported next friend does not establish either element of "next friend" standing.

The second problem with the petition is the content of the habeas claims. Rodriguez Pascacio argues an immigration judge erroneously denied release on bond based on incorrect and incomplete information. But the proper way to challenge the result of a bond hearing is appeal to the Board of Immigration Appeals. This Court does not have jurisdiction to review an immigration judge's discretionary bond decision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). That subsection does not strip courts of jurisdiction to consider constitutional challenges to the statutory framework that permits detention without bail. *Demore v. Kim*, 538 U.S. 510, 517 (2003). But Rodriguez Pascacio's petition does not state that type of challenge.

The Court finds that Rodriguez Pascacio is not entitled to habeas relief on any ground in his petition, and the person who signed it has not established standing to litigate as his next friend. Accordingly, the petition (Doc. 1) is **DISMISSED without prejudice**, and the Clerk is **DIRECTED** to enter judgment and close this case. Rodriguez Pascacio may file a new petition if he has a meritorious habeas claim. If someone other than Rodriguez Pascacio seeks to sign a petition on his behalf, that person must justify "next friend" status.

**DONE AND ORDERED** in Fort Myers, Florida on August 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record